**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>SANDRA ROSEMARY OLDENBURG,<br>SSN: XX-XXX-2332,<br>LEE MICHAEL OLDENBURG,<br>SSN: XX-XXX-0735,<br><br>    Debtors. | Case No. 23-13858-JGR<br>Chapter 13 |
| CARLSON FARMS HOA,<br><br>    Plaintiff,<br>v.<br><br>SANDRA ROSEMARY OLDENBURG,<br><br>    Defendant. | Adv. Pro. No. 23-01258-JGR |

**ORDER DENYING MOTION TO RECONSIDER**
**DISMISSAL OF ADVERSARY PROCEEDING**

    THIS MATTER comes before the Court on the Motion to Reconsider Dismissal of Adversary Proceeding filed by Plaintiff, Carlson Farms HOA (the "Plaintiff"), on October 28, 2024 (Doc. 13) (the "Motion"). No response to the Motion has been filed by the Defendant, Sandra Rosemary Oldenburg (the "Defendant"). The Court, having reviewed the Motion and the file, FINDS as follows.

    The Debtors, Sandra Rosemary Oldenburg and Lee Michael Oldenburg, filed a petition for relief under chapter 13 of the Bankruptcy Code on August 28, 2023.

    On November 21, 2023, Plaintiff filed a Motion for Relief from the Automatic Stay in the chapter 13 case to continue to litigate a pre-petition state court lawsuit against the Defendant. The Court granted the Motion for Relief from the Automatic Stay on December 20, 2023 (Doc. 42).

    On November 21, 2023, Plaintiff timely filed the above-captioned Adversary Proceeding, raising two claims for relief objecting to the dischargeability of claims asserted against Defendant under 11 U.S.C. § 523(a)(2)(A) for false representation and actual fraud and 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny (Doc. 1).

Prior to the filing of an Answer or other responsive pleading, on December 29, 2023, the Plaintiff filed a Motion to Hold Adversary Proceeding in Abeyance pending the resolution of the state court lawsuit (Doc. 5).  The Motion was granted on January 3, 2024 (Doc. 6).

On October 1, 2024, the Debtors filed a Motion to Voluntarily Dismiss the Chapter 13 Proceeding, which was granted on October 2, 2024 (Doc. 98).  The Adversary Proceeding continued to be held in abeyance until the Court, *sua sponte*, entered an Order to Dismiss Adversary Proceeding on October 23, 2024 (Doc. 11) based on the dismissal of the underlying chapter 13 bankruptcy case.

The Motion represents the parties are in the process of negotiating a formal settlement of the state court lawsuit, including a stipulation that the debts would be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(4).  Plaintiff requests the Court to retain jurisdiction over the Adversary Proceeding and continue to hold the matter in abeyance pending the finalization and filing of the formal settlement agreement herein.  The Plaintiff further argues that retention of jurisdiction over the Adversary Proceeding is appropriate to allow the prosecution of the nondischargeability claims in the event the Defendant defaults under the terms of the settlement agreement.

The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157.  *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002).

Generally, after referral from federal district courts, bankruptcy courts have subject matter jurisdiction over: (1) Cases under title 11; (2) Civil proceedings "arising under" or "arising in" a case under title 11; and (3) Civil proceedings "related to" cases under title 11.  Bankruptcy courts have jurisdiction over dischargeability of debts under 11 U.S.C. § 523 as core matters enumerated in 28 U.S.C. § 157(b)(2)(I).

Through the voluntary dismissal of the Debtors' chapter 13 case, the Debtors are no longer pursuing a discharge of debts.  Determination as to the dischargeability of particular debts is not a justiciable issue because there is no pending request for the entry of an order of discharge and any ruling would be an advisory opinion.

Moreover, dismissal of this Adversary Proceeding does not prevent the parties from crafting a stipulation under which the Defendant agrees she committed actual fraud and fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, which admissions could form the basis of the application of the doctrine of collateral estoppel in a future bankruptcy case. *See Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 167-68 (Bankr. D. Colo. 2012).

Accordingly, it is ORDERED that on the Motion to Reconsider Dismissal of Adversary Proceeding (Doc. 13) is hereby DENIED.

Dated this 14th day of November, 2024.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge